[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 10, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14641
Non-Argument Calendar

_____

D. C. Docket No. 06-00021-CR-AAA-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDIE MICHAEL SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(April 10, 2007)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Eddie Michael Smith appeals his 168-month sentence for attempted bank

robbery, in violation of 18 U.S.C. § 2113(a).  On appeal, Smith argues that his

sentence is unreasonable because the district court failed to consider mitigating information concerning his criminal history, nature, and characteristics, as required by 18 U.S.C. § 3553(a)(1). We affirm.

The relevant facts are straightforward. On April 12, 2006, Smith was indicted for attempted bank robbery, in violation of 18 U.S.C. § 2113(a). He pled guilty, pursuant to a written plea agreement, and proceeded to sentencing. According to the presentence investigation report ("PSI"), on March 18, 2006, Smith entered the "teller line" of a SunTrust Bank, handed a demand note to the teller, and received in return approximately $2,250.00. Both tellers on duty believed Smith had a gun during commission of the crime. Later that day, Smith was apprehended by police officers.

The PSI recommended a base offense level of 20 and the following adjustments: (1) a 2-level upward adjustment, pursuant to U.S.S.G. § 2B3.1(b)(1), since the property of a financial institution was taken; (2) a 2-level upward adjustment, pursuant to U.S.S.G. § 2B3.1, because Smith made a threat of death during the offense; and (3) a 3-level downward adjustment, pursuant to U.S.S.G. § 3E1.1, for acceptance of responsibility. Based on Smith's prior convictions for child molestation and possession of methamphetamine, the career-offender provisions of U.S.S.G. § 4B1.1 mandated an offense level of 32. After a reduction,

pursuant to U.S.S.G. § 3E1.1, for acceptance of responsibility, Smith's adjusted offense level was 29. With a criminal history category VI, based both on Smith's 14 criminal history points and the career-offender provisions of § 4B1.1, Smith faced an advisory Guidelines range of 151 to 188 months' imprisonment. Under 18 U.S.C. § 2113(a), the maximum term of imprisonment was 20 years.

The PSI also disclosed information regarding Smith's physical and mental health including that Smith was an insulin-dependant diabetic and was prescribed the anti-depressant Remron. On least two prior occasions, Smith had attempted suicide. Moreover, Smith had reported a lengthy and extensive history of alcohol and abuse of drugs, including cocaine, methamphetamine, marijuana, Hydrocodone and Xanax. Smith also reported that he was under the influence of marijuana, cocaine, and methamphetamine when he committed the instant offense. Smith did not object to the factual findings of the PSI or the calculation of the advisory Guidelines range.

At the sentencing hearing, the district court adopted the recommendations of the PSI and then heard Smith's argument and evidence in support of mitigation. Smith's mother, Diane Smith, testified about the nature of Smith's prior conviction for child molestation. She urged that the offense should not be considered as part of her son's criminal history because of his young age (18 years old) at the time of

3

commission, his failure to re-offend, and extenuating family circumstances at the time of his guilty plea. She also asked the court to impose a sentence below the Guidelines range because Smith did not act violently or possess a weapon during the robbery, he was in a state of despair and intoxication during the robbery, and he was currently receiving medical treatment for mental illness. The district court also heard Smith's statement of remorse for the instant offense. Smith's counsel asked the district court to sentence Smith to probation and treatment.

The district court imposed 168-month term of imprisonment, which was at the middle of the advisory range, stating that it had considered the evidence and arguments and "all of the factors set forth in the statute, Section 3553(a) of Title 18, and using the Sentencing Reform Act as a guide." The district court determined that a Guidelines sentence was appropriate given Smith's extensive criminal record and the need for a structured environment, and that there was no justification to go below the Guidelines range. This appeal followed.

We review the district court's sentence for reasonableness. See United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable. . . ." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

We have established a two-part process for district courts to use in fashioning sentences. Id. at 786. First, the court must consult and correctly determine the sentence range prescribed by the Sentencing Guidelines. Id. Second, the court must fashion a reasonable sentence by considering the factors enumerated in 18 U.S.C. § 3553(a). Id. The§ 3553(a) factors include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for deterrence; (5) the need to protect the public; (6) the Sentencing Guidelines range; and (7) the need to avoid unwanted sentencing disparities. See 18 U.S.C. § 3553(a). We do not require a district court to state on the record that it has considered each of the § 3553(a) factors. See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Rather, some indication in the record that the court adequately and properly considered appropriate factors in imposing the sentence will be sufficient. Id.

Here, the district court accurately calculated the advisory Guidelines range; heard Smith's evidence and argument in support of mitigation; considered the applicable § 3553(a) factors; discussed its particular reasons for imposing a mid-range sentence -- again, these reasons included Smith's extensive criminal record

and his need for a structured environment; and sentenced Smith at the middle of the Guidelines range.  Based on our review, Smith has not met his burden to show that his sentence was unreasonable.  Accordingly, we affirm.

**AFFIRMED.**